

# NFL COLLECTIVE BARGAINING AGREEMENT

## 2006-2012

COLLECTIVE BARGAINING AGREEMENT
BETWEEN
THE NFL MANAGEMENT COUNCIL
AND
THE NFL PLAYERS ASSOCIATION
March 8, 2006



**NFL PLAYERS**
A S S O C I A T I O N

**EXHIBIT**

A

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

PREAMBLE . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

ARTICLE I  DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . .4
    Section 1. General Definitions . . . . . . . . . . . . . . . . . . .4
    Section 2. Free Agency Definitions . . . . . . . . . . . . . . . . .5
    Section 3. Salary Cap Definitions . . . . . . . . . . . . . . . . .6
    Section 4. Further Definitions . . . . . . . . . . . . . . . . . .7

ARTICLE II  GOVERNING AGREEMENT . . . . . . . . . . . . . . . .8
    Section 1. Conflicts . . . . . . . . . . . . . . . . . . . . . . .8
    Section 2. Implementation . . . . . . . . . . . . . . . . . . . .8
    Section 3. Management Rights . . . . . . . . . . . . . . . . . .8
    Section 4. Rounding . . . . . . . . . . . . . . . . . . . . . . .8

ARTICLE III  SCOPE OF AGREEMENT . . . . . . . . . . . . . . . .9
    Section 1. Scope . . . . . . . . . . . . . . . . . . . . . . . .9
    Section 2. Arbitration . . . . . . . . . . . . . . . . . . . . . .9

ARTICLE IV  NO STRIKE/LOCKOUT/SUIT . . . . . . . . . . . . . .10
    Section 1. No Strike/Lockout . . . . . . . . . . . . . . . . . .10
    Section 2. No Suit . . . . . . . . . . . . . . . . . . . . . . .10
    Section 3. Releases . . . . . . . . . . . . . . . . . . . . . . .11

ARTICLE V  UNION SECURITY . . . . . . . . . . . . . . . . . . .12
    Section 1. Union Security . . . . . . . . . . . . . . . . . . . .12
    Section 2. Check-off . . . . . . . . . . . . . . . . . . . . . . .12
    Section 3. NFLPA Meetings . . . . . . . . . . . . . . . . . . .12
    Section 4. NFLPA Player Group Licensing Program . . . . . . . .12
    Section 5. Disputes . . . . . . . . . . . . . . . . . . . . . . .13
    Section 6. Procedure for Enforcement . . . . . . . . . . . . . . .13
    Section 7. NFLPA Responsibility . . . . . . . . . . . . . . . . .14
    Section 8. Orientations . . . . . . . . . . . . . . . . . . . . .14
    Section 9. Rookie Symposium . . . . . . . . . . . . . . . . . .14

ARTICLE VI  NFLPA AGENT CERTIFICATION . . . . . . . . . . . .16
    Section 1. Exclusive Representation . . . . . . . . . . . . . . . .16
    Section 2. Enforcement . . . . . . . . . . . . . . . . . . . . .16
    Section 3. Penalty . . . . . . . . . . . . . . . . . . . . . . . .16

**ARTICLE VII  PLAYER SECURITY** . . . . . . . . . . . . . . . . . . . . . . . . .18
    Section 1.  No Discrimination  . . . . . . . . . . . . . . . . . . . . . . . .18
    Section 2.  Personal Appearance  . . . . . . . . . . . . . . . . . . . . . .18

**ARTICLE VIII  CLUB DISCIPLINE**  . . . . . . . . . . . . . . . . . . . . . . .19
    Section 1.  Maximum Discipline . . . . . . . . . . . . . . . . . . . . . . .19
    Section 2.  Published Lists . . . . . . . . . . . . . . . . . . . . . . . . . . .20
    Section 3.  Uniformity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20
    Section 4.  Disputes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20
    Section 5.  Deduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20
    Section 6.  NFL Drug and Steroid Policies  . . . . . . . . . . . . . . .21
    Section 7.  Cumulative Fines . . . . . . . . . . . . . . . . . . . . . . . . .21
    Section 8.  Offset of Pre-Season Fine Amounts  . . . . . . . . . . .21
    Section 9.  Effective Date . . . . . . . . . . . . . . . . . . . . . . . . . . .22

**ARTICLE IX  NON-INJURY GRIEVANCE** . . . . . . . . . . . . . . . .23
    Section 1.  Definition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .23
    Section 2.  Initiation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .23
    Section 3.  Filing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .23
    Section 4.  Ordinary and Expedited Appeal  . . . . . . . . . . . . . .23
    Section 5.  Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24
    Section 6.  Arbitration Panel . . . . . . . . . . . . . . . . . . . . . . . . .24
    Section 7.  Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .25
    Section 8.  Arbitrator's Decision and Award  . . . . . . . . . . . . . .26
    Section 9.  Time Limits . . . . . . . . . . . . . . . . . . . . . . . . . . . . .26
    Section 10.  Representation  . . . . . . . . . . . . . . . . . . . . . . . . . .26
    Section 11.  Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .26
    Section 12.  Payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .27
    Section 13.  Grievance Settlement Committee  . . . . . . . . . . . . .27

**ARTICLE X  INJURY GRIEVANCE** . . . . . . . . . . . . . . . . . . . . . .28
    Section 1.  Definition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .28
    Section 2.  Filing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .28
    Section 3.  Answer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .28
    Section 4.  Neutral Physician  . . . . . . . . . . . . . . . . . . . . . . . .29
    Section 5.  Neutral Physician List . . . . . . . . . . . . . . . . . . . . .29
    Section 6.  Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .30
    Section 7.  Arbitration Panel . . . . . . . . . . . . . . . . . . . . . . . . .30
    Section 8.  Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .30
    Section 9.  Miscellaneous . . . . . . . . . . . . . . . . . . . . . . . . . . .31
    Section 10.  Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .32
    Section 11.  Pension Credit . . . . . . . . . . . . . . . . . . . . . . . . . .32
    Section 12.  Payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .32
    Section 13.  Presumption of Fitness . . . . . . . . . . . . . . . . . . . .32
    Section 14.  Playoff Money . . . . . . . . . . . . . . . . . . . . . . . . . .33

Section 15.  Information Exchange . . . . . . . . . . . . . . . . . . . . . . .33
Section 16.  Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .33

**ARTICLE XI  COMMISSIONER DISCIPLINE** . . . . . . . . . . . . . . . .**34**
Section 1.  League Discipline . . . . . . . . . . . . . . . . . . . . . . . . . .34
Section 2.  Time Limits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .34
Section 3.  Representation . . . . . . . . . . . . . . . . . . . . . . . . . . . .34
Section 4.  Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .35
Section 5.  One Penalty . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .35
Section 6.  Fine Money . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .35

**ARTICLE XII  INJURY PROTECTION** . . . . . . . . . . . . . . . . . . . .**36**
Section 1.  Qualification . . . . . . . . . . . . . . . . . . . . . . . . . . . . .36
Section 2.  Benefit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .36
Section 3.  Disputes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .37

**ARTICLE XIII  COMMITTEES** . . . . . . . . . . . . . . . . . . . . . . . . . .**38**
Section 1.  Joint Committee . . . . . . . . . . . . . . . . . . . . . . . . . . .38
Section 2.  Competition Committee . . . . . . . . . . . . . . . . . . . . . .39
Section 3.  Player/Club Operations Committee . . . . . . . . . . . . . . .39

**ARTICLE XIV  NFL PLAYER CONTRACT** . . . . . . . . . . . . . . . . . .**40**
Section 1.  Form . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .40
Section 2.  Term . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .40
Section 3.  Changes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .40
Section 4.  Conformity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .40
Section 5.  General, Notices, Prohibitions, etc. . . . . . . . . . . . . . . .40
Section 6.  Commissioner Disapproval . . . . . . . . . . . . . . . . . . . .42
Section 7.  NFLPA Group Licensing Program . . . . . . . . . . . . . . .42
Section 8.  Good Faith Negotiation . . . . . . . . . . . . . . . . . . . . . .43
Section 9.  Limitations on Salary Forfeitures . . . . . . . . . . . . . . . .43

**ARTICLE XV  OPTION CLAUSE** . . . . . . . . . . . . . . . . . . . . . . . .**45**
Section 1.  Prohibition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .45

**ARTICLE XVI  COLLEGE DRAFT** . . . . . . . . . . . . . . . . . . . . . . .**46**
Section 1.  Time of Draft . . . . . . . . . . . . . . . . . . . . . . . . . . . .46
Section 2.  Number of Choices and Eligibility . . . . . . . . . . . . . . .46
Section 3.  Required Tender . . . . . . . . . . . . . . . . . . . . . . . . . . .46
Section 4.  Signing of Drafted Rookies . . . . . . . . . . . . . . . . . . . .46
Section 5.  Other Professional Teams . . . . . . . . . . . . . . . . . . . . .47
Section 6.  Return to College . . . . . . . . . . . . . . . . . . . . . . . . . .48
Section 7.  Assignment of Draft Rights . . . . . . . . . . . . . . . . . . . .49
Section 8.  Subsequent Draft . . . . . . . . . . . . . . . . . . . . . . . . . .49
Section 9.  No Subsequent Draft . . . . . . . . . . . . . . . . . . . . . . . .49

Section 10.  Compensatory Draft Selections . . . . . . . . . . . . . . . . .49
Section 11.  Undrafted Rookies  . . . . . . . . . . . . . . . . . . . . . . . . .49
Section 12.  Notice of Signing  . . . . . . . . . . . . . . . . . . . . . . . . .50

**ARTICLE XVII  ENTERING PLAYER POOL** . . . . . . . . . . . . . . . . . .51
Section 1.  Definition  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .51
Section 2.  Covered League Years . . . . . . . . . . . . . . . . . . . . . . .51
Section 3.  Calculation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .51
Section 4.  Operation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .53
Section 5.  Rookie Player Contract Length  . . . . . . . . . . . . . . . . .55

**ARTICLE XVIII  VETERANS WITH LESS THAN
THREE ACCRUED SEASONS** . . . . . . . . . . . . . . . . . . . . . . . . . . .56
Section 1.  Accrued Seasons Calculation  . . . . . . . . . . . . . . . . . .56
Section 2.  Negotiating Rights of Players With Less
Than Three Accrued Seasons . . . . . . . . . . . . . . . . . . . . . . . . . .56

**ARTICLE XIX  VETERAN FREE AGENCY** . . . . . . . . . . . . . . . . . .57
Section 1.  Unrestricted Free Agents . . . . . . . . . . . . . . . . . . . . .57
Section 2.  Restricted Free Agents . . . . . . . . . . . . . . . . . . . . . . .58
Section 3.  Offer Sheet and First Refusal Procedures  . . . . . . . . . . .63
Section 4.  Expedited Arbitration . . . . . . . . . . . . . . . . . . . . . . . .65
Section 5.  Individually Negotiated Limitations
on Player Movement  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .66
Section 6.  Notices, Etc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .66

**ARTICLE XX  FRANCHISE AND TRANSITION PLAYERS**  . . . . . . .68
Section 1.  Franchise Player Designations  . . . . . . . . . . . . . . . . . .68
Section 2.  Required Tender for Franchise Players  . . . . . . . . . . . . .68
Section 3.  Transition Player Designations  . . . . . . . . . . . . . . . . . .71
Section 4.  Required Tender for Transition Players  . . . . . . . . . . . . .71
Section 5.  Right of First Refusal for Transition Players . . . . . . . . . .72
Section 6.  Lists . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .72
Section 7.  Salary Information . . . . . . . . . . . . . . . . . . . . . . . . . .72
Section 8.  No Assignment . . . . . . . . . . . . . . . . . . . . . . . . . . . .73
Section 9.  Duration of Designation [*no longer applicable*] . . . . . . .73
Section 10.  Franchise Player Designation Period . . . . . . . . . . . . . .73
Section 11.  Transition Player Designation Period  . . . . . . . . . . . . .74
Section 12.  Prospective Designation [*no longer applicable*] . . . . . . .74
Section 13.  Right to Decline [*no longer applicable*] . . . . . . . . . . . .74
Section 14.  Other Terms . . . . . . . . . . . . . . . . . . . . . . . . . . . . .74
Section 15.  Compensatory Draft Selection . . . . . . . . . . . . . . . . . .75
Section 16.  Signing Period for Transition Players  . . . . . . . . . . . . .75
Section 17.  Signing Period for Franchise Players . . . . . . . . . . . . . .75

**ARTICLE XXI  FINAL EIGHT PLAN** . . . . . . . . . . . . . . . . . . . . . . . . .77
   Section 1.  Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .77
   Section 2.  Top Four Teams . . . . . . . . . . . . . . . . . . . . . . . . . . . .77
   Section 3.  Next Four Teams . . . . . . . . . . . . . . . . . . . . . . . . . . .77
   Section 4.  Replacement of Free Agents Signed by Other Club . . .77
   Section 5.  Increases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .78
   Section 6.  Salary Definition . . . . . . . . . . . . . . . . . . . . . . . . . . .78
   Section 7.  Trade Limitation . . . . . . . . . . . . . . . . . . . . . . . . . . .78
   Section 8.  Transition and Franchise Players . . . . . . . . . . . . . . .78
   Section 9.  Player Tenders . . . . . . . . . . . . . . . . . . . . . . . . . . . . .78

**ARTICLE XXII  WAIVER SYSTEM** . . . . . . . . . . . . . . . . . . . . . . . . .79
   Section 1.  Release . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .79
   Section 2.  Contract . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .79
   Section 3.  Ineligibility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .79
   Section 4.  Notice of Termination . . . . . . . . . . . . . . . . . . . . . . .79
   Section 5.  NFLPA's Right to Personnel Information . . . . . . . . . .80
   Section 6.  Rosters . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .80
   Section 7.  Procedural Recall Waivers . . . . . . . . . . . . . . . . . . . . .80

**ARTICLE XXIII  TERMINATION PAY** . . . . . . . . . . . . . . . . . . . . . . .81
   Section 1.  Eligibility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .81
   Section 2.  Regular Season Signings . . . . . . . . . . . . . . . . . . . . . .81
   Section 3.  Ineligibility for Termination Pay . . . . . . . . . . . . . . . .81

**ARTICLE XXIV  GUARANTEED LEAGUE-WIDE SALARY,**
**SALARY CAP, & MINIMUM TEAM SALARY** . . . . . . . . . . . . . .82
   Section 1.  Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .82
   Section 2.  Trigger For Guaranteed League-wide Salary,
     Salary Cap, and Minimum Team Salary . . . . . . . . . . . . . . .95
   Section 3.  Guaranteed League-wide Salary . . . . . . . . . . . . . . . . .95
   Section 4.  Salary Cap Amounts . . . . . . . . . . . . . . . . . . . . . . . .96
   Section 5.  Minimum Team Salary . . . . . . . . . . . . . . . . . . . . . .102
   Section 6.  Computation of Team Salary . . . . . . . . . . . . . . . . . .102
   Section 7.  Valuation of Player Contracts . . . . . . . . . . . . . . . . . .104
   Section 8.  30% Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .133
   Section 9.  Renegotiations and Extensions . . . . . . . . . . . . . . . . .134
   Section 10. Accounting Procedures . . . . . . . . . . . . . . . . . . . . .135
   Section 11. Revenue Sharing . . . . . . . . . . . . . . . . . . . . . . . . . .143

**ARTICLE XXV  ENFORCEMENT OF THE SALARY**
**CAP AND ENTERING PLAYER POOL** . . . . . . . . . . . . . . . . . . .145
   Section 1.  Undisclosed Terms . . . . . . . . . . . . . . . . . . . . . . . . .145
   Section 2.  Circumvention . . . . . . . . . . . . . . . . . . . . . . . . . . . .145
   Section 3.  Special Master Action . . . . . . . . . . . . . . . . . . . . . . .145

Section 4. Commissioner Disapproval . . . . . . . . . . . . . . . . .145
Section 5. Special Master Review . . . . . . . . . . . . . . . . . . .146
Section 6. Sanctions . . . . . . . . . . . . . . . . . . . . . . . . .146
Section 7. Revenue Circumvention . . . . . . . . . . . . . . . . . .147
Section 8. Management Council Audit Rights . . . . . . . . . . . .148
Section 9. Prior Consultation . . . . . . . . . . . . . . . . . . . .148

**ARTICLE XXVI SPECIAL MASTER** . . . . . . . . . . . . . . . . . . . .**149**
Section 1. Appointment . . . . . . . . . . . . . . . . . . . . . . .149
Section 2. Scope of Authority . . . . . . . . . . . . . . . . . . . .149
Section 3. Discovery . . . . . . . . . . . . . . . . . . . . . . . . .150
Section 4. Compensation . . . . . . . . . . . . . . . . . . . . . . .150
Section 5. Procedures . . . . . . . . . . . . . . . . . . . . . . . .150
Section 6. Selection of Special Master . . . . . . . . . . . . . . .151
Section 7. Penalties . . . . . . . . . . . . . . . . . . . . . . . . .151

**ARTICLE XXVII IMPARTIAL ARBITRATOR** . . . . . . . . . . . . . . .**152**
Section 1. Selection . . . . . . . . . . . . . . . . . . . . . . . . .152
Section 2. Scope of Authority . . . . . . . . . . . . . . . . . . . .152
Section 3. Effect of Rulings . . . . . . . . . . . . . . . . . . . . .152
Section 4. Discovery . . . . . . . . . . . . . . . . . . . . . . . . .152
Section 5. Compensation of Impartial Arbitrator . . . . . . . . . .152
Section 6. Procedures . . . . . . . . . . . . . . . . . . . . . . . .152
Section 7. Selection of Impartial Arbitrator . . . . . . . . . . . .153

**ARTICLE XXVIII ANTI-COLLUSION** . . . . . . . . . . . . . . . . . .**154**
Section 1. Prohibited Conduct . . . . . . . . . . . . . . . . . . . .154
Section 1a. Commissioner Approvals . . . . . . . . . . . . . . . . .154
Section 2. Other Club Conduct . . . . . . . . . . . . . . . . . . . .154
Section 3. Club Discretion . . . . . . . . . . . . . . . . . . . . . .154
Section 4. League Disclosures . . . . . . . . . . . . . . . . . . . .155
Section 5. Enforcement of Anti-Collusion Provisions . . . . . . . .155
Section 6. Burden of Proof . . . . . . . . . . . . . . . . . . . . . .155
Section 7. Summary Judgment . . . . . . . . . . . . . . . . . . . .156
Section 8. Remedies . . . . . . . . . . . . . . . . . . . . . . . . .156
Section 9. Computation of Damages . . . . . . . . . . . . . . . . .157
Section 10. Player Election . . . . . . . . . . . . . . . . . . . . . .157
Section 11. Payment of Damages . . . . . . . . . . . . . . . . . . .158
Section 12. Effect on Cap Computations . . . . . . . . . . . . . . .158
Section 13. Effect of Salary Cap . . . . . . . . . . . . . . . . . . .158
Section 14. No Reimbursement . . . . . . . . . . . . . . . . . . . .158
Section 15. Costs . . . . . . . . . . . . . . . . . . . . . . . . . . .158
Section 16. Termination . . . . . . . . . . . . . . . . . . . . . . . .158
Section 17. Time Limits . . . . . . . . . . . . . . . . . . . . . . . .159
Section 18. Prior Conference . . . . . . . . . . . . . . . . . . . . .159

**ARTICLE XXIX  CERTIFICATIONS** . . . . . . . . . . . . . . . . . . . . . . . .160
  Section 1.  Contract Certification . . . . . . . . . . . . . . . . . . . . . .160
  Section 2.  End of League Year Certification . . . . . . . . . . . . . .160
  Section 3.  False Certification . . . . . . . . . . . . . . . . . . . . . . . . .161

**ARTICLE XXX  CONSULTATION AND INFORMATION SHARING** .163
  Section 1.  Consultation and Communications . . . . . . . . . . . . .163
  Section 2.  Salary Summaries . . . . . . . . . . . . . . . . . . . . . . . . . .163
  Section 3.  Notice of Invalid Contract . . . . . . . . . . . . . . . . . . .163
  Section 4.  Neutral Verifier . . . . . . . . . . . . . . . . . . . . . . . . . . .163
  Section 5.  Copies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .164
  Section 6.  Meetings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .164

**ARTICLE XXXI  EXPANSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . .165
  Section 1.  Veteran Allocation . . . . . . . . . . . . . . . . . . . . . . . . .165
  Section 2.  Additional Compensatory Picks . . . . . . . . . . . . . . .165
  Section 3.  Entering Player Pool Adjustment . . . . . . . . . . . . . .165
  Section 4.  Relocation Bonus . . . . . . . . . . . . . . . . . . . . . . . . . .165

**ARTICLE XXXII  OTHER PROVISIONS** . . . . . . . . . . . . . . . . . . .166
  Section 1.  CFL Rule . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .166
  Section 2.  Physically Unable to Perform . . . . . . . . . . . . . . . . .166
  Section 3.  Non-Football Injury . . . . . . . . . . . . . . . . . . . . . . . .166
  Section 4.  Roster Exemption . . . . . . . . . . . . . . . . . . . . . . . . . .166
  Section 5.  Arena Football Players . . . . . . . . . . . . . . . . . . . . . .167

**ARTICLE XXXIII  SQUAD SIZE** . . . . . . . . . . . . . . . . . . . . . . . . . .169
  Section 1.  Active List . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .169
  Section 2.  Pre-Season . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .169
  Section 3.  Inactive List . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .169
  Section 4.  Active and Inactive List Limit . . . . . . . . . . . . . . . .169

**ARTICLE XXXIV  PRACTICE SQUADS** . . . . . . . . . . . . . . . . . . .170
  Section 1.  Practice Squads . . . . . . . . . . . . . . . . . . . . . . . . . . .170
  Section 2.  Signing With Other Clubs . . . . . . . . . . . . . . . . . . . .170
  Section 3.  Salary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .171
  Section 4.  Eligibility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .171
  Section 5.  Active List . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .171

**ARTICLE XXXV  OFF-SEASON WORKOUTS** . . . . . . . . . . . . . .172
  Section 1.  Voluntary Workouts . . . . . . . . . . . . . . . . . . . . . . . .172
  Section 2.  Time Periods . . . . . . . . . . . . . . . . . . . . . . . . . . . . .172
  Section 3.  Payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .172
  Section 4.  Injuries . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .173
  Section 5.  Miscellaneous . . . . . . . . . . . . . . . . . . . . . . . . . . . .173

Section 6. Pre-Training Camp Period . . . . . . . . . . . . . . . . . . . . .173
Section 7. Rookie Premiere . . . . . . . . . . . . . . . . . . . . . . . . . . . .174
Section 8. Enforcement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .174

**ARTICLE XXXVI MINICAMPS** . . . . . . . . . . . . . . . . . . . . . . . . . . . .176
Section 1. Number . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .176
Section 2. Length . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .176
Section 3. Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .176
Section 4. Contact . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .176
Section 5. Injuries . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .176

**ARTICLE XXXVII PRE-SEASON TRAINING CAMPS** . . . . . . . . . .177
Section 1. Definition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .177
Section 2. Room and Board . . . . . . . . . . . . . . . . . . . . . . . . . . . .177
Section 3. Rookie Per Diem . . . . . . . . . . . . . . . . . . . . . . . . . . . .177
Section 4. Veteran Per Diem . . . . . . . . . . . . . . . . . . . . . . . . . . . .177
Section 5. Reporting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .177
Section 6. Number of Pre-Season Games . . . . . . . . . . . . . . . . . .177
Section 7. Telephones . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .178
Section 8. Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .178

**ARTICLE XXXVIII SALARIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . .179
Sections 1-5. [*no longer applicable*] . . . . . . . . . . . . . . . . . . . . .179
Section 6. Minimum Salaries . . . . . . . . . . . . . . . . . . . . . . . . . . .179
Section 7. Credited Season . . . . . . . . . . . . . . . . . . . . . . . . . . . .180
Section 8. Other Compensation . . . . . . . . . . . . . . . . . . . . . . . . .180
Section 9. Arbitration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .180
Section 10. Payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .180
Section 11. Deferred Paragraph 5 . . . . . . . . . . . . . . . . . . . . . . .180
Section 12. Number of Regular Season Games . . . . . . . . . . . . .181
Section 13. Copies of Contracts . . . . . . . . . . . . . . . . . . . . . . . . .181
Section 14. Split Contracts . . . . . . . . . . . . . . . . . . . . . . . . . . . .181
Section 15. Funding of Deferred and Guaranteed Contracts . . . .181

**ARTICLE XXXVIII-A MINIMUM SALARY BENEFIT** . . . . . . . . . . .183
Section 1. Qualifying Players . . . . . . . . . . . . . . . . . . . . . . . . . . .183
Section 2. Qualifying Contracts . . . . . . . . . . . . . . . . . . . . . . . . .183
Section 3. Additional Compensation Rules . . . . . . . . . . . . . . . .183
Section 4. Payments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .184
Section 5. Reduced Salary Cap Count . . . . . . . . . . . . . . . . . . . .184
Section 6. Minimum Salary Benefit Calculation . . . . . . . . . . . . .185
Section 7. Extensions of Qualified Contracts . . . . . . . . . . . . . . .185
Section 8. [*no longer applicable*] . . . . . . . . . . . . . . . . . . . . . . .185
Section 9. Terminated Qualifying Players . . . . . . . . . . . . . . . . . .185

Section 10. Players Moving to New Club . . . . . . . . . . . . . . . .185
Section 11. Player Returning to Old Club . . . . . . . . . . . . . . .185
Section 12. Players with Expired Contract . . . . . . . . . . . . . . .186
Section 13. Guarantees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .186
Section 14. Termination Pay . . . . . . . . . . . . . . . . . . . . . . . . . .186
Section 15. No Benefit for Non-Qualifying Contracts . . . . . . . .187

**ARTICLE XXXVIII-B  PERFORMANCE-BASED POOL** . . . . . . . . .188
Section 1. Creation of Fund . . . . . . . . . . . . . . . . . . . . . . . . . .188
Section 2. Amount of Fund . . . . . . . . . . . . . . . . . . . . . . . . . .188
Section 3. Mandatory Distribution Each Year . . . . . . . . . . . . .188
Section 4. Qualifying Players . . . . . . . . . . . . . . . . . . . . . . . . .188
Section 5. Methodology . . . . . . . . . . . . . . . . . . . . . . . . . . . . .188
Section 6. Corrections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .189

**ARTICLE XXXIX  MEAL ALLOWANCE** . . . . . . . . . . . . . . . . . . . .190
Section 1. Reimbursement . . . . . . . . . . . . . . . . . . . . . . . . . . .190
Section 2. Travel Day . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .190

**ARTICLE XL  DAYS OFF** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .191
Section 1. Rate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .191
Section 2. Requirements . . . . . . . . . . . . . . . . . . . . . . . . . . . .191

**ARTICLE XLI  MOVING AND TRAVEL EXPENSES** . . . . . . . . . .192
Section 1. Qualification . . . . . . . . . . . . . . . . . . . . . . . . . . . . .192
Section 2. Moving Expenses . . . . . . . . . . . . . . . . . . . . . . . . . .192
Section 3. Travel Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . .192
Section 4. Transportation . . . . . . . . . . . . . . . . . . . . . . . . . . .193

**ARTICLE XLII  POST-SEASON PAY** . . . . . . . . . . . . . . . . . . . . .194
Section 1. System . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .194
Section 2. Compensation . . . . . . . . . . . . . . . . . . . . . . . . . . . .194
Section 3. Wild Card Game; Division Play-off Game . . . . . . . .194
Section 4. Conference Championship; Super Bowl Game . . . . .194
Section 5. Payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .195

**ARTICLE XLIII  PRO BOWL GAME** . . . . . . . . . . . . . . . . . . . . .196
Section 1. Compensation . . . . . . . . . . . . . . . . . . . . . . . . . . . .196
Section 2. Selection . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .196
Section 3. Wives . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .196
Section 4. Injury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .196
Section 5. Payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .196

ARTICLE XLIV  PLAYERS' RIGHTS TO MEDICAL
CARE AND TREATMENT . . . . . . . . . . . . . . . . . . . . .**197**
Section 1.  Club Physician . . . . . . . . . . . . . . . . . . . . . . . .197
Section 2.  Club Trainers . . . . . . . . . . . . . . . . . . . . . . . .197
Section 3.  Players' Right to a Second Medical Opinion . . . . . . . .197
Section 4.  Players' Right to a Surgeon of His Choice . . . . . .197
Section 5.  Standard Minimum Pre-Season Physical . . . . . . . .197
Section 6.  Substance Abuse . . . . . . . . . . . . . . . . . . . . . .198

ARTICLE XLV  ACCESS TO PERSONNEL AND
MEDICAL RECORDS . . . . . . . . . . . . . . . . . . . . . . . .**199**
Section 1.  Personnel Records . . . . . . . . . . . . . . . . . . . . .199
Section 2.  Medical Records . . . . . . . . . . . . . . . . . . . . . .199

ARTICLE XLVI  PLAYER BENEFIT COSTS . . . . . . . . . . . . . . . .**200**
Section 1.  General Right of Reduction . . . . . . . . . . . . . . . .200
Section 2.  Right of Restoration . . . . . . . . . . . . . . . . . . . .200
Section 3.  Definition . . . . . . . . . . . . . . . . . . . . . . . . . .200
Section 4.  Resolution of Disputes . . . . . . . . . . . . . . . . . .200
Section 5.  [no longer applicable] . . . . . . . . . . . . . . . . . .201
Section 6.  Limitations on Contributions . . . . . . . . . . . . . .201
Section 7.  Application of a Salary Cap to Plan Years . . . . . . . .202
Section 8.  Timing . . . . . . . . . . . . . . . . . . . . . . . . . . . .202

ARTICLE XLVII  RETIREMENT PLAN . . . . . . . . . . . . . . . . . .**203**
Section 1.  Maintenance and Definitions . . . . . . . . . . . . . . .203
Section 2.  [no longer applicable] . . . . . . . . . . . . . . . . . .203
Section 3.  Contributions . . . . . . . . . . . . . . . . . . . . . . . .203
Section 4.  Benefit Credits . . . . . . . . . . . . . . . . . . . . . . .203
Section 5.  Disability Benefits . . . . . . . . . . . . . . . . . . . . .204
Section 6.  Joint and Survivor Reset . . . . . . . . . . . . . . . . .205
Section 7.  Death Benefits . . . . . . . . . . . . . . . . . . . . . . .205

ARTICLE XLVIII  SECOND CAREER SAVINGS PLAN . . . . . . . . .**206**
Section 1.  Maintenance . . . . . . . . . . . . . . . . . . . . . . . .206
Section 2.  Contributions . . . . . . . . . . . . . . . . . . . . . . . .206

ARTICLE XLVIII-A  PLAYER ANNUITY PROGRAM . . . . . . . . . .**208**
Section 1.  Establishment . . . . . . . . . . . . . . . . . . . . . . . .208
Section 2.  Contributions . . . . . . . . . . . . . . . . . . . . . . . .208
Section 3.  Timing . . . . . . . . . . . . . . . . . . . . . . . . . . . .208
Section 4.  Structure . . . . . . . . . . . . . . . . . . . . . . . . . . .209
Section 5.  New Tax-Qualified Portion . . . . . . . . . . . . . . . .209
Section 6.  NFL Player Annuity & Insurance
Company Net Worth . . . . . . . . . . . . . . . . . . . . . . . .209

**ARTICLE XLVIII-B TUITION ASSISTANCE PLAN** . . . . . . . . . . . . .210
   Section 1. Establishment . . . . . . . . . . . . . . . . . . . . . . . . . .210
   Section 2. Eligibility . . . . . . . . . . . . . . . . . . . . . . . . . . . .210
   Section 3. Reimbursement . . . . . . . . . . . . . . . . . . . . . . . . .211

**ARTICLE XLVIII-C NFL PLAYERS HEALTH**
**REIMBURSEMENT ACCOUNT** . . . . . . . . . . . . . . . . . . . . .212
   Section 1. Establishment . . . . . . . . . . . . . . . . . . . . . . . . . .212
   Section 2. Contributions . . . . . . . . . . . . . . . . . . . . . . . . . .212
   Section 3. Eligibility . . . . . . . . . . . . . . . . . . . . . . . . . . . .212
   Section 4. Health Reimbursement Accounts . . . . . . . . . . . . . .213
   Section 5. Payments from Health Reimbursement Accounts . . . .213
   Section 6. Structure . . . . . . . . . . . . . . . . . . . . . . . . . . . . .214
   Section 7. Plan Operation in Uncapped Years . . . . . . . . . . . . .214

**ARTICLE XLVIII-D 88 BENEFIT** . . . . . . . . . . . . . . . . . . . . . .215
   Section 1. Establishment . . . . . . . . . . . . . . . . . . . . . . . . . .215
   Section 2. Benefits . . . . . . . . . . . . . . . . . . . . . . . . . . . . .215
   Section 3. Funding . . . . . . . . . . . . . . . . . . . . . . . . . . . . .216
   Section 4. Term . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .216

**ARTICLE XLVIII-E NFL PLAYERS BENEFITS COMMITTEE** . . . . .217
   Section 1. Establishment . . . . . . . . . . . . . . . . . . . . . . . . . .217
   Section 2. Function . . . . . . . . . . . . . . . . . . . . . . . . . . . . .217
   Section 3. Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . .217
   Section 4. Uncapped Years . . . . . . . . . . . . . . . . . . . . . . . . .217

**ARTICLE XLIX GROUP INSURANCE** . . . . . . . . . . . . . . . . . . .218
   Section 1. Group Benefits . . . . . . . . . . . . . . . . . . . . . . . . .218
   Section 2. Extended Post-Career Medical and Dental Benefits . .219
   Section 3. Limitations and Rules For Extended Insurance . . . . .219
   Section 4. [no longer applicable] . . . . . . . . . . . . . . . . . . . . .220
   Section 5. Administration . . . . . . . . . . . . . . . . . . . . . . . . .220

**ARTICLE L SEVERANCE PAY** . . . . . . . . . . . . . . . . . . . . . . . .221
   Section 1. Eligibility . . . . . . . . . . . . . . . . . . . . . . . . . . . .221
   Section 2. Amount . . . . . . . . . . . . . . . . . . . . . . . . . . . . .221
   Section 3. Application . . . . . . . . . . . . . . . . . . . . . . . . . . .221
   Section 4. Payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . .221
   Section 5. Failure to Apply . . . . . . . . . . . . . . . . . . . . . . . .222
   Section 6. Only One Payment . . . . . . . . . . . . . . . . . . . . . .222
   Section 7. Payable to Survivor . . . . . . . . . . . . . . . . . . . . . .222
   Section 8. Prior Severance Pay . . . . . . . . . . . . . . . . . . . . . .222
   Section 9. Nonassignability . . . . . . . . . . . . . . . . . . . . . . . .222

**ARTICLE LI  DISABILITY PLAN** . . . . . . . . . . . . . . . . . . . . . . . . . .223
    Section 1.  Maintenance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .223
    Section 2.  Contributions . . . . . . . . . . . . . . . . . . . . . . . . . . . . .223
    Section 3.  Extension . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .223

**ARTICLE LII  BENEFIT ARBITRATOR** . . . . . . . . . . . . . . . . . . . . .224
    Section 1.  Selection . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .224
    Section 2.  Compensation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .224
    Section 3.  Role . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .224

**ARTICLE LIII  RETENTION OF BENEFITS** . . . . . . . . . . . . . . . . .226

**ARTICLE LIV  WORKERS' COMPENSATION** . . . . . . . . . . . . . . .227
    Section 1.  Benefits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .227
    Section 2.  Rejection of Coverage . . . . . . . . . . . . . . . . . . . . . . . .227
    Section 3.  Arbitration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .227
    Section 4.  Worker's Compensation Offset Provisions . . . . . . . .227
    Section 5.  Preservation of Rights . . . . . . . . . . . . . . . . . . . . . . .231

**ARTICLE LV  MISCELLANEOUS** . . . . . . . . . . . . . . . . . . . . . . . . .233
    Section 1.  Endorsements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .233
    Section 2.  Game Day Attire . . . . . . . . . . . . . . . . . . . . . . . . . . . .233
    Section 3.  Appearances . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .233
    Section 4.  Promotion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .233
    Section 5.  Deduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .233
    Section 6.  Public Statements . . . . . . . . . . . . . . . . . . . . . . . . . .234
    Section 7.  Address . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .234
    Section 8.  NFLPA Tickets . . . . . . . . . . . . . . . . . . . . . . . . . . . .234
    Section 9.  Player Tickets . . . . . . . . . . . . . . . . . . . . . . . . . . . . .234
    Section 10.  Tests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .234
    Section 11.  League Security . . . . . . . . . . . . . . . . . . . . . . . . . . .234
    Section 12.  Career Planning Program . . . . . . . . . . . . . . . . . . . .235
    Section 13.  Delivery of Documents . . . . . . . . . . . . . . . . . . . . .235
    Section 14.  Binding Effect . . . . . . . . . . . . . . . . . . . . . . . . . . . .235
    Section 15.  Authorization . . . . . . . . . . . . . . . . . . . . . . . . . . . .235
    Section 16.  Headings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .235
    Section 17.  Time Periods . . . . . . . . . . . . . . . . . . . . . . . . . . . . .235
    Section 18.  Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .235
    Section 19.  Parol Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . .235
    Section 20.  Prior Side Letters . . . . . . . . . . . . . . . . . . . . . . . . . .235

**ARTICLE LVI FINAL LEAGUE YEAR** . . . . . . . . . . . . . . . . . . . . . . . 237
  Section 1. No Salary Cap . . . . . . . . . . . . . . . . . . . . . . . . 237
  Section 2. Free Agency if Salary Cap in League
    Year Prior to Final League Year . . . . . . . . . . . . . . . . . 237
  Section 3. Free Agency if No Salary Cap in League
    Year Prior to Final League Year . . . . . . . . . . . . . . . . . 237
  Section 4. Franchise and Transition Players . . . . . . . . . . . . . . 237

**ARTICLE LVII MUTUAL RESERVATION OF RIGHTS:**
  **LABOR EXEMPTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 238
  Section 1. Rights Under Law . . . . . . . . . . . . . . . . . . . . . . 238
  Section 2. Labor Exemption . . . . . . . . . . . . . . . . . . . . . . . 238
  Section 3. CBA Expiration . . . . . . . . . . . . . . . . . . . . . . . 238

**ARTICLE LVIII DURATION OF AGREEMENT** . . . . . . . . . . . . . . 240
  Section 1. *[no longer applicable]* . . . . . . . . . . . . . . . . . . . 240
  Section 2. Effective Date/Expiration Date . . . . . . . . . . . . . . . 240
  Section 3. Termination Prior to Expiration Date . . . . . . . . . . . . 240
  Section 4. Effect of Early Termination on Player Contracts . . . . 241
  Section 5. Ratification . . . . . . . . . . . . . . . . . . . . . . . . . 241

**ARTICLE LIX GOVERNING LAW** . . . . . . . . . . . . . . . . . . . . . . 243

**ARTICLE LX NOTICES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 244

**APPENDIX A—CHECK-OFF AUTHORIZATION FOR**
  **NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION**
  **DEDUCTIONS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 245

**APPENDIX B—INJURY PROTECTION/EARLY WAIVER** . . . . . . . 247

**APPENDIX C—NFL PLAYER CONTRACT** . . . . . . . . . . . . . . . 248

**APPENDIX D—FIRST REFUSAL OFFER SHEET** . . . . . . . . . . . . 257

**APPENDIX E—FIRST REFUSAL EXERCISE NOTICE** . . . . . . . . . 258

**APPENDIX F—WAIVER OF FREE AGENT RIGHTS** . . . . . . . . . . 259

**APPENDIX G—NOTICE OF TERMINATION** . . . . . . . . . . . . . . 260

**APPENDIX H—ACCOUNTANTS' REVIEW PROCEDURES** . . . . . . 261

APPENDIX H.1—ACCOUNTANTS' AGREED-UPON
PROCEDURES REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . .267

APPENDIX H.2—LOCAL ACCOUNTANTS' AGREED-UPON
PROCEDURES REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . .268

APPENDIX H.3—REVENUE ACCOUNTING RULES . . . . . . . . . .269

APPENDIX I—STANDARD MINIMUM PRE-SEASON
PHYSICAL EXAMINATION . . . . . . . . . . . . . . . . . . . . . . . .279

APPENDIX J—ACTUARIAL ASSUMPTIONS AND
ACTUARIAL COST METHOD . . . . . . . . . . . . . . . . . . . . . . . .282

APPENDIX J.1—HEALTH REIMBURSEMENT PLAN
ACTUARIAL ASSUMPTIONS AND FUNDING . . . . . . . . . . .285

APPENDIX K—EXTENSION CHART . . . . . . . . . . . . . . . . . . . . .287

APPENDIX L—OFF-SEASON WORKOUT RULES . . . . . . . . . . . .288

APPENDIX M—PSL EXAMPLES . . . . . . . . . . . . . . . . . . . . . . . .289

APPENDIX N—WRITTEN WARNING GOOD FAITH EFFORT . . .296

APPENDIX O—SALARY CAP CALCULATION EXAMPLE . . . . . .297

APPENDIX P—ADJUSTMENT MECHANISM EXAMPLES . . . . . .298

INDEX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .302

# ARTICLE IX
# NON-INJURY GRIEVANCE

**Section 1. Definition:** Any dispute (hereinafter referred to as a "grievance") arising after the execution of this Agreement and involving the interpretation of, application of, or compliance with, any provision of this Agreement, the NFL Player Contract, or any applicable provision of the NFL Constitution and Bylaws pertaining to terms and conditions of employment of NFL players, will be resolved exclusively in accordance with the procedure set forth in this Article, except wherever another method of dispute resolution is set forth elsewhere in this Agreement, and except wherever the Settlement Agreement provides that the Special Master, Impartial Arbitrator, the Federal District Court or the Accountants shall resolve a dispute.

**Section 2. Initiation:** A grievance may be initiated by a player, a Club, the Management Council, or the NFLPA. A grievance must be initiated within forty-five days from the date of the occurrence or non-occurrence upon which the grievance is based, or within forty-five days from the date on which the facts of the matter became known or reasonably should have been known to the party initiating the grievance, whichever is later. A player need not be under contract to a Club at the time a grievance relating to him arises or at the time such grievance is initiated or processed.

**Section 3. Filing:** Subject to the provisions of Section 2 above, a player or the NFLPA may initiate a grievance by filing a written notice by certified mail or fax with the Management Council and furnishing a copy of such notice to the Club(s) involved; a Club or the Management Council may initiate a grievance by filing written notice by certified mail or fax with the NFLPA and furnishing a copy of such notice to the player(s) involved. The notice will set forth the specifics of the alleged action or inaction giving rise to the grievance. If a grievance is filed by a player without the involvement of the NFLPA, the Management Council will promptly send copies of the grievance and the answer to the NFLPA. The party to whom a non-injury grievance has been presented will answer in writing by certified mail or fax within seven days of receipt of the grievance. The answer will set forth admissions or denials as to the facts alleged in the grievance. If the answer denies the grievance, the specific grounds for denial will be set forth. The answering party will provide a copy of the answer to the player(s) or Club(s) involved and the NFLPA or the Management Council as may be applicable.

**Section 4. Ordinary and Expedited Appeal:** If a grievance is not resolved after it has been filed and answered, either the player(s) or Club(s) involved, or the NFLPA, or the Management Council may appeal such grievance by filing a written notice of appeal with the Notice Arbitrator and mailing copies thereof to the party or parties against whom such appeal is taken,

Article IX, Non-Injury Grievance

and either the NFLPA or the Management Council as may be appropriate. If the grievance involves a suspension of a player by a Club, the player or NFLPA will have the option to appeal it immediately upon filing to the Notice Arbitrator and a hearing will be held by an arbitrator designated by the Notice Arbitrator within seven days of the filing of the grievance. In addition, the NFLPA and the Management Council will each have the right of immediate appeal and hearing within seven days with respect to four grievances of their respective choice each calendar year. The arbitrator(s) designated to hear such grievances will issue their decision(s) within five days of the completion of the hearing. Prehearing briefs may be filed by either party and, if filed, will be exchanged prior to hearing.

*Section 5.* **Discovery:** No later than ten days prior to the hearing, each party will submit to the other copies of all documents, reports and records relevant to the dispute. Failure to submit such documents, reports and records no later than ten days prior to the hearing will preclude the non-complying party from submitting such documents, reports and records into evidence at the hearing, but the other party will have the opportunity to examine such documents, reports and records at the hearing and to introduce those it desires into evidence, except that relevant documents submitted to the opposing party less than ten days before the hearing will be admissible provided that the proffering party and the custodian(s) of the documents made a good faith effort to obtain (or discover the existence of) said documents or that the document's relevance was not discovered until the hearing date. In the case of an expedited grievance pursuant to Section 4, such documentary evidence shall be exchanged on or before two days prior to the hearing unless the arbitrator indicates otherwise.

*Section 6.* **Arbitration Panel:** There will be a panel of four arbitrators, whose appointment must be accepted in writing by the NFLPA and the Management Council. The parties will designate the Notice Arbitrator within ten days of the execution of this Agreement. In the event of a vacancy in the position of Notice Arbitrator, the senior arbitrator in terms of affiliation with this Agreement will succeed to the position of Notice Arbitrator, and the resultant vacancy on the panel will be filled according to the procedures of this Section. Either party to this Agreement may discharge a member of the arbitration panel by serving written notice upon the arbitrator and the other party to this Agreement between December 1 and 10 of each year, but at no time shall such discharges result in no arbitrators remaining on the panel. If either party discharges an arbitrator, the other party shall have two business days to discharge any other arbitrator. If the parties are unable to agree on a new arbitrator within thirty days of any vacancy, the Notice Arbitrator shall submit a list of ten qualified and experienced arbitrators to the NFLPA and the Management Council. Within fourteen days of the receipt of the list, the NFLPA and the Management Council shall select one arbi-

trator from the list by alternately striking names until only one remains, with a coin flip determining the first strike. The next vacancy occurring will be filled in similar fashion, with the party who initially struck first then striking second. The parties will alternate striking first for future vacancies occurring thereafter during the term of this Agreement. If either party fails to cooperate in the striking process, the other party may select one of the nominees on the list and the other party will be bound by such selection.

*Section 7.* **Hearing**: Each arbitrator will designate a minimum of twelve hearing dates per year, exclusive of the period July 15 through September 10 for non-expedited cases, for use by the parties to this Agreement. Upon being appointed, each arbitrator will, after consultation with the Notice Arbitrator, provide to the NFLPA and the Management Council specified hearing dates for such ensuing period, which process will be repeated on an annual basis thereafter. The parties will notify each arbitrator thirty days in advance of which dates the following month are going to be used by the parties. The designated arbitrator will set the hearing on his next reserved date in the Club city unless the parties agree otherwise. If a grievance is set for hearing and the hearing date is then postponed by a party within thirty days of the hearing date, the postponement fee of the arbitrator will be borne by the postponing party unless the arbitrator determines that the postponement was for good cause. Should good cause be found, the parties will share any postponement costs equally. If the arbitrator in question cannot reschedule the hearing within thirty days of the postponed date, the case may be reassigned by the Notice Arbitrator to another panel member who has a hearing date available within the thirty-day period. At the hearing, the parties to the grievance and the NFLPA and Management Council will have the right to present, by testimony or otherwise, and subject to Section 5, any evidence relevant to the grievance. All hearings will be transcribed.

If a witness is unable to attend the hearing, the party offering the testimony shall inform the other party of the identity and unavailability of the witness to attend the hearing. At the hearing or within fourteen days thereafter, the party offering the testimony of the unavailable witness must offer the other party two possible dates within the next forty-five days to take the witness' testimony. The other party shall have the opportunity to choose the date. The record should be closed sixty days after the hearing date unless mutually extended notwithstanding any party's failure to present post-hearing testimony within the above-mentioned time period. If a witness is unavailable to come to the hearing, the witness' testimony may be taken by telephone conference call if the parties agree. In cases where the amount claimed is less than $25,000, the parties may agree to hold the hearing by telephone conference call. If either party requests post-hearing briefs, the parties shall prepare and simultaneously submit briefs except in grievances involving non-suspension Club discipline where less than $25,000 is at

Article IX, Non-Injury Grievance

issue, in which cases briefs will not be submitted. Briefs must be submitted to the arbitrator postmarked no later than sixty days after receipt of the last transcript.

**Section 8. Arbitrator's Decision and Award:** The arbitrator will issue a written decision within thirty days of the submission of briefs, but in no event shall he consider briefs filed by either party more than sixty days after receipt of the last transcript, unless the parties agree otherwise. The decision of the arbitrator will constitute full, final and complete disposition of the grievance, and will be binding upon the player(s) and Club(s) involved and the parties to this Agreement; provided, however, that the arbitrator will not have the jurisdiction or authority: (a) to add to, subtract from, or alter in any way the provisions of this Agreement or any other applicable document; or (b) to grant any remedy other than a money award, an order of reinstatement, suspension without pay, a stay of suspension pending decision, a cease and desist order, a credit or benefit award under the Bert Bell/Pete Rozelle NFL Player Retirement Plan, or an order of compliance, with a specific term of this Agreement or any other applicable document, or an advisory opinion pursuant to Article XIII (Committees), Section 1(c). In the event the arbitrator finds liability on the part of the Club, he shall award interest beginning one year from the date of the last regular season game of the season of the grievance. The interest shall be calculated at the one-year Treasury Note rate published in *The Wall Street Journal* as of February 1 (or the next date published) of each year, and such rate shall apply to any interest awarded during each such subsequent twelve-month period.

**Section 9. Time Limits:** Each of the time limits set forth in this Article may be extended by mutual written agreement of the parties involved. If any grievance is not processed or resolved in accordance with the prescribed time limits within any step, unless an extension of time has been mutually agreed upon in writing, either the player, the NFLPA, the Club or the Management Council, as the case may be, after notifying the other party of its intent in writing, may proceed to the next step.

**Section 10. Representation:** In any hearing provided for in this Article, a player may be accompanied by counsel of his choice and/or a representative of the NFLPA. In any such hearing, a Club representative may be accompanied by counsel of his choice and/or a representative of the Management Council.

**Section 11. Costs:** All costs of arbitration, including the fees and expenses of the arbitrator and the transcript costs, will be borne equally between the parties. Notwithstanding the above, if the hearing occurs in the Club city and if the arbitrator finds liability on the part of the Club, the arbitrator shall

26

award the player reasonable expenses incurred in traveling to and from his residence to the Club city and one night's lodging.

**Section 12. Payment:** If an award is made by the arbitrator, payment will be made within thirty days of the receipt of the award to the player or jointly to the player and the NFLPA provided the player has given written authorization for such joint payment. The time limit for payment may be extended by mutual consent of the parties or by a finding of good cause for the extension by the arbitrator. Where payment is unduly delayed beyond thirty days, interest will be assessed against the Club from the date of the decision. Interest shall be calculated at double the one-year Treasury Note rate published in *The Wall Street Journal* as of February 1 (or next date published) of each year, and such rate shall apply to the interest awarded during each subsequent twelve-month period in lieu of continuation of any pre-award interest. The arbitrator shall retain jurisdiction of the case for the purpose of awarding post-hearing interest pursuant to this Section.

**Section 13. Grievance Settlement Committee:** A grievance settlement committee consisting of the Executive Director of the NFLPA and the Executive Vice President for Labor Relations of the NFL shall have the authority to resolve any grievance filed under this Article. This committee shall meet periodically to discuss and consider pending grievances. No evidence will be taken at such meetings, except parties involved in the grievance may be contacted to obtain information about their dispute. If the committee resolves any grievance by mutual agreement of the two members, such resolution will be made in writing and will constitute full, final and complete disposition of the grievance and will be binding upon the player(s) and the Club(s) involved and the parties to this Agreement. Consideration of any grievance by this committee shall not in any way delay its processing through the non-injury grievance procedure described in this Article, and no grievance may be resolved pursuant to this Section once an arbitration hearing has been convened pursuant to Section 7 hereof.

# ARTICLE XIV
# NFL PLAYER CONTRACT

**Section 1. Form:** The NFL Player Contract form attached hereto as Appendix C will be used for all player signings. This form cannot be amended without the approval of the Management Council and the NFLPA.

**Section 2. Term:** The NFL Player Contract shall expire on the last day of the last League Year subject to such Contract.

**Section 3. Changes:**

(a)     Notwithstanding Section 1 above, changes may be agreed to between a Club and a player in a player's contract or contracts consistent with the provisions of this Agreement and the Settlement Agreement.

(b)     The NFL Player Contract shall provide that, other than any rights the player may have as a member of the class in *White v. NFL*, No. 4-92-906 (D. Minn.) to object to the Settlement Agreement during its review by the District Court, the player waives and releases any claims: (i) arising out of, related to, or asserted in that action; and (ii) for conduct engaged in pursuant to the Settlement Agreement during the express term of the Settlement Agreement.

**Section 4. Conformity:** All Player Contracts signed prior to the execution of this Agreement and in effect during the term of this Agreement shall be deemed amended in such a manner to require the parties to comply with the mandatory terms of this Agreement and the Settlement Agreement.

**Section 5. General, Notices, Prohibitions, etc.:**

(a)(i) Any agreement between any player and any Club concerning terms and conditions of employment shall be set forth in writing in a Player Contract as soon as practicable. Each Club shall provide to the NFLMC a copy of each such Player Contract within two days of the execution of such contract by the player and the Club. The NFLMC shall provide to the NFLPA a copy of each executed Player Contract it receives from a Club within two business days of its receipt of such Player Contract. It is anticipated that each Club will send a copy of each such Player Contract to the NFLMC by overnight mail the day it is so executed, and the NFLMC will send a copy of such copy to the NFLPA by overnight mail the day it is so received. The NFLMC shall provide to the NFLPA any salary information received from a Club which is relevant to whether such Player Contract complies with Article XVII (Entering Player Pool) and/or Article XXIV (Guaranteed League-wide Salary, Salary Cap & Minimum Team Salary), within two business days following the NFL's receipt of such information. Promptly upon but no later than two business days after the signing of any Veteran with less than three Accrued Seasons to a Player Contract, the signing

Club shall notify the NFLMC, which shall notify the NFLPA of such signing.

(ii) In the event that an Unrestricted Free Agent signs a Player Contract with a Club other than his prior Club between July 5 and July 15, the Player or his Agent shall promptly notify the Players Association, which will promptly notify the NFLMC in writing, and the New Club shall promptly notify the NFLMC, in writing, of such signing. If neither the NFLMC nor the Players Association has received any such written notice prior to midnight on July 15, such Player Contract shall be deemed not to have been signed within the signing period prescribed by Article XIX, Section 1(b)(i).

(b) Any agreement between any player or Player Affiliate and any Club or Club Affiliate providing for the player to be compensated by the Club or Club Affiliate for non-football-related services shall be set forth in writing and disclosed and provided to the NFLMC within five business days of the execution or making of the agreement. The NFLMC shall provide such information to the NFLPA within two business days of the receipt of such information.

(c) No Club shall pay or be obligated to pay any player or Player Affiliate (not including retired players) other than pursuant to the terms of a signed NFL Player Contract or a contract for non-football related services as described in Section 5(b) above. Nothing contained in the immediately preceding sentence shall interfere with a Club's obligation to pay a player deferred compensation earned under a prior Player Contract.

(d) During the period any Salary Cap is in effect, in addition to any rights a Club may presently have under the NFL Player Contract, any Player Contract may be terminated if, in the Club's opinion, the player being terminated is anticipated to make less of a contribution to the Club's ability to compete on the playing field than another player or players whom the Club intends to sign or attempt to sign, or another player or players who is or are already on the roster of such Club, and for whom the Club needs Room. This Subsection shall not affect any Club or Club Affiliate's obligation to pay a player any guaranteed consideration.

(e) No Player Contract may contain any individually negotiated provision transferring any player intellectual property rights to any Club or Club Affiliate or any Club sponsor.

(f) No Club or player may agree upon any Player Contract provision concerning the termination of the contract that is inconsistent with the terms of this Agreement (including but not limited to the NFL Player Contract, Appendix C hereto), or the provisions of the NFL Constitution and Bylaws which are appended to the Side Letter dated July 24, 2006 from Harold Henderson to Eugene Upshaw, as they were operative and administered at the beginning date of the 2006 League Year (except any provisions relating to the 1982 CBA, which have been superseded by this Agreement). The parties disagree and reserve their rights with respect to whether a Player Contract may contain a commitment by the Club not to send a Qualify-

Article XIV, NFL Player Contract

ing Offer to an eligible player or not to designate a player as a Franchise or Transition player.

### Section 6. Commissioner Disapproval:

(a)    If the Commissioner disapproves a Player Contract for any reason, he must inform the NFLPA in writing of the reasons therefore by noon on the date following such disapproval.

(b)    In the event the Commissioner disapproves any Player Contract as being in violation of the Salary Cap or Entering Player Pool, or any other provision of the Settlement Agreement or corresponding provision of this Agreement, the filing of an appeal of such disapproval pursuant to Article XV, Paragraph 5 or Article XXII, Paragraph 1 of the Settlement Agreement, or Article XXV, Section 5 or Article XXVI, Section 1 of this Agreement, shall automatically stay the Commissioner's disapproval, and the player shall continue to be free to practice and play for the Club, until the Special Master (or the District Court acting in lieu of the Special Master) issues its ruling. Provided, however, that in the event such Special Master appeal is filed within one week of or after the first scheduled regular season game of the Club: (i) the appeal shall be conducted in an expedited manner and shall be concluded within five days of the filing date of such appeal; and (ii) the Special Master shall issue his ruling by the end of such five-day period. Provided, further, that, in the event the appeal is filed after the Club's first pre-season game, but before the date one week before the Club's first scheduled regular season game: (i) the appeal shall be conducted in an expedited manner and shall be concluded within ten days of the filing date of such appeal; and (ii) the Special Master shall issue his ruling by the end of such ten-day period. If there is no ruling by the end of the periods prescribed in the preceding two sentences, or, for earlier filed appeals, by the day following the Club's third pre-season game, the automatic stay shall be dissolved. If the Commissioner disapproves a Player Contract for any of the reasons stated above on a second occasion for the same player during a given League Year, and determines that such player should not be able to play, there shall be no stay of such disapproval pursuant to this agreement, unless it is determined that the Commissioner's second disapproval is arbitrary or capricious. This agreement shall not prejudice or affect in any way, or constitute a waiver with respect to, any rights of class members to seek a stay or injunctive relief before the District Court, pursuant to the Federal Rules of Civil Procedure; nor shall it prejudice or affect in any way the rights of the NFL to oppose, or the arguments of the NFL in opposition, to such a stay.

### Section 7. NFLPA Group Licensing Program:

The NFL Player Contract shall include, solely for the administrative convenience and benefit of the player and the NFLPA, the provision set forth in Paragraph 4(b) of the NFL Player Contract (Appendix C hereto), regarding the NFLPA Group Licens-

ing Program. Neither the League nor any Club is a party to, or a beneficiary of, the terms of that provision. No Club may enter into any agreement with a Player or a Player Affiliate that is inconsistent with any rights granted to the NFLPA pursuant to Paragraph 4(b) of the NFL Player Contract; provided that this sentence is not intended and shall not be construed to override or restrict the rights granted to the Club and the League pursuant to Paragraph 4(a) of the NFL Player Contract.

### Section 8. Good Faith Negotiation:

(a)     In addition to complying with specific provisions in this Agreement, any Club or player engaged in negotiations for a Player Contract (including any Club extending, and any player receiving, a Required Tender) is under an obligation to negotiate in good faith.

(b)     A Club extending a Required Tender must, for so long as that Tender is extended, have a good faith intention to employ the player receiving the Tender at the Tender compensation level during the upcoming season. It shall be deemed to be a violation of this provision if, while the tender is outstanding, a Club insists that such a player agree to a Player Contract at a compensation level during the upcoming season below that of the Required Tender amount. The foregoing shall not affect any rights that a Club may have under the Player Contract, under this Agreement, or under the Settlement Agreement, including but not limited to the right to terminate the contract, renegotiate the contract, or to trade the player if such termination, renegotiation, or trade is otherwise permitted by the Player Contract, this Agreement, or the Settlement Agreement.

### Section 9. Limitations on Salary Forfeitures:

(a)     No forfeitures of signing bonuses shall be permitted, except that players and Clubs may agree: (i) to proportionate forfeitures of a signing bonus if a player voluntarily retires or willfully withholds his services from one or more regular season games; and/or (ii) that if a player willfully takes action that has the effect of substantially undermining his ability to fully participate and contribute in either pre-season training camp or the regular season (including by willfully withholding his services in either pre-season training camp or during the regular season or willfully missing one or more games), the player may forfeit the greater of: (a) 25% of the prorated portion of his signing bonus for the applicable League Year for the first time such conduct occurs after the beginning of training camp until the end of the season for his Club, and the remaining 75% prorated portion of his signing bonus for the applicable year for the second time such conduct occurs during that period that year; or (b) the proportionate amount of his signing bonus allocation for each week missed (1/17th for each regular season week or game missed).

(b)     If a player with a signing bonus forfeiture clause voluntarily retires and misses the remainder of the season, and the player then reports

back to the Club in the subsequent season, then the Club must either (i) take the player back under his existing contract with no forfeiture of the remaining proportionate signing bonus allocation, or (ii) release the player and seek repayment of any remaining proportion of the signing bonus allocated to future League Years.

(c)     No forfeitures permitted (current and future contracts) for signing bonus allocations for years already performed, or for other salary escalators or performance bonuses already earned.

(d)     A player's right to receive and/or retain a signing bonus may not be conditioned on the player's participation in voluntary off-season programs or voluntary minicamps, or for adverse public statements, provided that the Club may have non-proratable participation bonuses for its off-season workout program.

(e)     Player Contracts may not contain individually negotiated provisions for forfeiture relating to violations of the Policy on Anabolic Steroids and Related Substances or the NFL Policy and Program for Substances of Abuse (which policies will address this issue), or for failing any drug test.

(f)     Except as provided above, existing contract forfeiture provisions entered into before the end of the 2005 regular season will be in full force and effect for the duration of the current contract, and any extensions resulting solely from effectuation of existing contract provision (e.g., option years). If a Player Contract with a forfeiture provision entered into before the end of the 2005 regular season is otherwise extended or renegotiated, the amount of Salary agreed to in the contract prior to its extension or renegotiation shall be subject to forfeiture to the same extent as provided prior to such extension or renegotiation.

(g)     For purposes of this Section 9, the terms "proportionate forfeitures" and "proportionate amount" mean 1/17th of that year's signing bonus allocation for each regular season week or game missed.

Appendix C

# APPENDIX C
## NFL PLAYER CONTRACT

THIS CONTRACT is between _____,
hereinafter "Player," and_____,
a _____ corporation
(limited partnership) (partnership), hereinafter "Club," operating under
the name of the _____
as a member of the National Football League, hereinafter "League." In con-
sideration of the promises made by each to the other, Player and Club agree
as follows:

   1.     TERM. This contract covers _____ football season(s), and
will begin on the date of execution or March 1, _____, whichever is
later, and end on February 28 or 29, _____, unless extended, termi-
nated, or renewed as specified elsewhere in this contract.

   2.     EMPLOYMENT AND SERVICES. Club employs Player as a
skilled football player. Player accepts such employment. He agrees to give
his best efforts and loyalty to the Club, and to conduct himself on and off
the field with appropriate recognition of the fact that the success of profes-
sional football depends largely on public respect for and approval of those
associated with the game. Player will report promptly for and participate
fully in Club's official mandatory minicamp(s), official pre-season training
camp, all Club meetings and practice sessions, and all pre-season, regular
season and postseason football games scheduled for or by Club. If invited,
Player will practice for and play in any all-star football game sponsored by
the League. Player will not participate in any football game not sponsored
by the League unless the game is first approved by the League.

   3.     OTHER ACTIVITIES. Without prior written consent of the
Club, Player will not play football or engage in activities related to football
otherwise than for Club or engage in any activity other than football which
may involve a significant risk of personal injury. Player represents that he
has special, exceptional and unique knowledge, skill, ability, and experi-
ence as a football player, the loss of which cannot be estimated with any cer-
tainty and cannot be fairly or adequately compensated by damages. Player
therefore agrees that Club will have the right, in addition to any other right
which Club may possess, to enjoin Player by appropriate proceedings from
playing football or engaging in football-related activities other than for Club
or from engaging in any activity other than football which may involve a sig-
nificant risk of personal injury.

   4.     PUBLICITY AND NFLPA GROUP LICENSING PROGRAM.
   (a)     Player grants to Club and the League, separately and together,

248

the authority to use his name and picture for publicity and the promotion of NFL Football, the League or any of its member clubs in newspapers, magazines, motion pictures, game programs and roster manuals, broadcasts and telecasts, and all other publicity and advertising media, provided such publicity and promotion does not constitute an endorsement by Player of a commercial product. Player will cooperate with the news media, and will participate upon request in reasonable activities to promote the Club and the League. Player and National Football League Players Association, hereinafter "NFLPA," will not contest the rights of the League and its member clubs to telecast, broadcast, or otherwise transmit NFL Football or the right of NFL Films to produce, sell, market, or distribute football game film footage, except insofar as such broadcast, telecast, or transmission of footage is used in any commercially marketable game or interactive use. The League and its member clubs, and Player and the NFLPA, reserve their respective rights as to the use of such broadcasts, telecasts or transmissions of footage in such games or interactive uses, which shall be unaffected by this subparagraph.

(b)  Player hereby assigns to the NFLPA and its licensing affiliates, if any, the exclusive right to use and to grant to persons, firms, or corporations (collectively "licensees") the right to use his name, signature facsimile, voice, picture, photograph, likeness, and/or biographical information (collectively "image") in group licensing programs. Group licensing programs are defined as those licensing programs in which a licensee utilizes a total of six or more NFL player images on or in conjunction with products (including, but not limited to, trading cards, clothing, videogames, computer games, collectibles, internet sites, fantasy games, etc.) that are sold at retail or used as promotional or premium items. Player retains the right to grant permission to a licensee to utilize his image if that licensee is not concurrently utilizing the images of five or more other NFL players on products that are sold at retail or are used as promotional or premium items. If Player's inclusion in a particular NFLPA program is precluded by an individual exclusive endorsement agreement, and Player provides the NFLPA with timely written notice of that preclusion, the NFLPA will exclude Player from that particular program. In consideration for this assignment of rights, the NFLPA will use the revenues it receives from group licensing programs to support the objectives as set forth in the Bylaws of the NFLPA. The NFLPA will use its best efforts to promote the use of NFL player images in group licensing programs, to provide group licensing opportunities to all NFL players, and to ensure that no entity utilizes the group licensing rights granted to the NFLPA without first obtaining a license from the NFLPA. This subparagraph (b) shall be construed under Virginia law without reference to conflicts of law principles. The assignment in this paragraph shall expire on December 31 of the later of (a) the third year following the execution of this contract, or (b) the year in which this contract expires. Neither Club

Appendix C

nor the League is a party to the terms of this paragraph, which is included herein solely for the administrative convenience and benefit of Player and the NFLPA. The terms of this subparagraph apply unless, at the time of execution of this contract, Player indicates by striking out this subparagraph (b) and marking his initials adjacent to the stricken language his intention to not participate in the NFLPA Group Licensing Program. Nothing in this subparagraph shall be construed to supersede or any way broaden, expand, detract from, or otherwise alter in any way whatsoever, the rights of NFL Properties, Inc. as permitted under Article V (Union Security), Section 4 of the 1993 Collective Bargaining Agreement ("CBA").

5.    COMPENSATION. For performance of Player's services and all other promises of Player, Club will pay Player a yearly salary as follows:

$_____ for the 20_____ season;
$_____ for the 20_____ season;
$_____ for the 20_____ season;
$_____ for the 20_____ season;
$_____ for the 20_____ season.

In addition, Club will pay Player such earned performance bonuses as may be called for in this contract; Player's necessary traveling expenses from his residence to training camp; Player's reasonable board and lodging expenses during pre-season training and in connection with playing pre-season, regular season, and postseason football games outside Club's home city; Player's necessary traveling expenses to and from pre-season, regular season, and postseason football games outside Club's home city; Player's necessary traveling expenses to his residence if this contract is terminated by Club; and such additional compensation, benefits and reimbursement of expenses as may be called for in any collective bargaining agreement in existence during the term of this contract. (For purposes of this contract, a collective bargaining agreement will be deemed to be "in existence" during its stated term or during any period for which the parties to that agreement agree to extend it.)

6.    PAYMENT. Unless this contract or any collective bargaining agreement in existence during the term of this contract specifically provides otherwise, Player will be paid 100% of his yearly salary under this contract in equal weekly or biweekly installments over the course of the applicable regular season period, commencing with the first regular season game played by Club in each season. Unless this contract specifically provides otherwise, if this contract is executed or Player is activated after the beginning of the regular season, the yearly salary payable to Player will be reduced proportionately and Player will be paid the weekly or biweekly por-

250

tions of his yearly salary becoming due and payable after he is activated. Unless this contract specifically provides otherwise, if this contract is terminated after the beginning of the regular season, the yearly salary payable to Player will be reduced proportionately and Player will be paid the weekly or bi weekly portions of his yearly salary having become due and payable up to the time of termination.

7. DEDUCTIONS. Any advance made to Player will be repaid to Club, and any properly levied Club fine or Commissioner fine against Player will be paid, in cash on demand or by means of deductions from payments coming due to the Player under this contract, the amount of such deductions to be determined by Club unless this contract or any collective bargaining agreement in existence during the term of this contract specifically provides otherwise.

8. PHYSICAL CONDITION. Player represents to Club that he is and will maintain himself in excellent physical condition. Player will undergo a complete physical examination by the Club physician upon Club request, during which physical examination Player agrees to make full and complete disclosure of any physical or mental condition known to him which might impair his performance under this contract and to respond fully and in good faith when questioned by the Club physician about such condition. If Player fails to establish or maintain his excellent physical condition to the satisfaction of the Club physician, or make the required full and complete disclosure and good faith responses to the Club physician, then Club may terminate this contract.

9. INJURY. Unless this contract specifically provides otherwise, if Player is injured in the performance of his services under this contract and promptly reports such injury to the Club physician or trainer, then Player will receive such medical and hospital care during the term of this contract as the Club physician may deem necessary, and will continue to receive his yearly salary for so long, during the season of injury only and for no subsequent period covered by this contract, as Player is physically unable to perform the services required of him by this contract because of such injury. If Player's injury in the performance of his services under this contract results in his death, the unpaid balance of his yearly salary for the season of injury will be paid to his stated beneficiary, or in the absence of a stated beneficiary, to his estate.

10. WORKERS' COMPENSATION. Any compensation paid to Player under this contract or under any collective bargaining agreement in existence during the term of this contract for a period during which he is entitled to workers' compensation benefits by reason of temporary total, permanent total, temporary partial, or permanent partial disability will be

Appendix C

deemed an advance payment of workers' compensation benefits due Player, and Club will be entitled to be reimbursed the amount of such payment out of any award of workers' compensation.

11.   SKILL, PERFORMANCE AND CONDUCT. Player understands that he is competing with other players for a position on Club's roster within the applicable player limits. If at any time, in the sole judgment of Club, Player's skill or performance has been unsatisfactory as compared with that of other players competing for positions on Club's roster, or if Player has engaged in personal conduct reasonably judged by Club to adversely affect or reflect on Club, then Club may terminate this contract. In addition, during the period any salary cap is legally in effect, this contract may be terminated if, in Club's opinion, Player is anticipated to make less of a contribution to Club's ability to compete on the playing field than another player or players whom Club intends to sign or attempts to sign, or another player or players who is or are already on Club's roster, and for whom Club needs room.

12.   TERMINATION. The rights of termination set forth in this contract will be in addition to any other rights of termination allowed either party by law. Termination will be effective upon the giving of written notice, except that Player's death, other than as a result of injury incurred in the performance of his services under this contract, will automatically terminate this contract. If this contract is terminated by Club and either Player or Club so requests, Player will promptly undergo a complete physical examination by the Club physician.

13.   INJURY GRIEVANCE. Unless a collective bargaining agreement in existence at the time of termination of this contract by Club provides otherwise, the following injury grievance procedure will apply: If Player believes that at the time of termination of this contract by Club he was physically unable to perform the services required of him by this contract because of an injury incurred in the performance of his services under this contract, Player may, within sixty days after examination by the Club physician, submit at his own expense to examination by a physician of his choice. If the opinion of Player's physician with respect to his physical ability to perform the services required of him by this contract is contrary to that of the Club's physician, the dispute will be submitted within a reasonable time to final and binding arbitration by an arbitrator selected by Club and Player or, if they are unable to agree, one selected in accordance with the procedures of the American Arbitration Association on application by either party.

14.   RULES. Player will comply with and be bound by all reasonable Club rules and regulations in effect during the term of this contract which

252

are not inconsistent with the provisions of this contract or of any collective bargaining agreement in existence during the term of this contract. Player's attention is also called to the fact that the League functions with certain rules and procedures expressive of its operation as a joint venture among its member clubs and that these rules and practices may affect Player's relationship to the League and its member clubs independently of the provisions of this contract.

15. INTEGRITY OF GAME. Player recognizes the detriment to the League and professional football that would result from impairment of public confidence in the honest and orderly conduct of NFL games or the integrity and good character of NFL players. Player therefore acknowledges his awareness that if he accepts a bribe or agrees to throw or fix an NFL game; fails to promptly report a bribe offer or an attempt to throw or fix an NFL game; bets on an NFL game; knowingly associates with gamblers or gambling activity; uses or provides other players with stimulants or other drugs for the purpose of attempting to enhance on-field performance; or is guilty of any other form of conduct reasonably judged by the League Commissioner to be detrimental to the League or professional football, the Commissioner will have the right, but only after giving Player the opportunity for a hearing at which he may be represented by counsel of his choice, to fine Player in a reasonable amount; to suspend Player for a period certain or indefinitely; and/or to terminate this contract.

16. EXTENSION. Unless this contract specifically provides otherwise, if Player becomes a member of the Armed Forces of the United States or any other country, or retires from professional football as an active player, or otherwise fails or refuses to perform his services under this contract, then this contract will be tolled between the date of Player's induction into the Armed Forces, or his retirement, or his failure or refusal to perform, and the later date of his return to professional football. During the period this contract is tolled, Player will not be entitled to any compensation or benefits. On Player's return to professional football, the term of this contract will be extended for a period of time equal to the number of seasons (to the nearest multiple of one) remaining at the time the contract was tolled. The right of renewal, if any, contained in this contract will remain in effect until the end of any such extended term.

17. ASSIGNMENT. Unless this contract specifically provides otherwise, Club may assign this contract and Player's services under this contract to any successor to Club's franchise or to any other Club in the League. Player will report to the assignee Club promptly upon being informed of the assignment of his contract and will faithfully perform his services under this contract. The assignee club will pay Player's necessary traveling expenses in reporting to it and will faithfully perform this contract with Player.

Appendix C

18. FILING. This contract will be valid and binding upon Player and Club immediately upon execution. A copy of this contract, including any attachment to it, will be filed by Club with the League Commissioner within ten days after execution. The Commissioner will have the right to disapprove this contract on reasonable grounds, including but not limited to an attempt by the parties to abridge or impair the rights of any other club, uncertainty or incompleteness in expression of the parties' respective rights and obligations, or conflict between the terms of this contract and any collective bargaining agreement then in existence. Approval will be automatic unless, within ten days after receipt of this contract in his office, the Commissioner notifies the parties either of disapproval or of extension of this ten-day period for purposes of investigation or clarification pending his decision. On the receipt of notice of disapproval and termination, both parties will be relieved of their respective rights and obligations under this contract.

19. DISPUTES. During the term of any collective bargaining agreement, any dispute between Player and Club involving the interpretation or application of any provision of this contract will be submitted to final and binding arbitration in accordance with the procedure called for in any collective bargaining agreement in existence at the time the event giving rise to any such dispute occurs.

20. NOTICE. Any notice, request, approval or consent under this contract will be sufficiently given if in writing and delivered in person or mailed (certified or first class) by one party to the other at the address set forth in this contract or to such other address as the recipient may subsequently have furnished in writing to the sender.

21. OTHER AGREEMENTS. This contract, including any attachment to it, sets forth the entire agreement between Player and Club and cannot be modified or supplemented orally. Player and Club represent that no other agreement, oral or written, except as attached to or specifically incorporated in this contract, exists between them. The provisions of this contract will govern the relationship between Player and Club unless there are conflicting provisions in any collective bargaining agreement in existence during the term of this contract, in which case the provisions of the collective bargaining agreement will take precedence over conflicting provisions of this contract relating to the rights or obligations of either party.

22. LAW. This contract is made under and shall be governed by the laws of the State of _____.

254

23.    WAIVER AND RELEASE. Player waives and releases any claims that he may have arising out of, related to, or asserted in the lawsuit entitled White v. National Football League, including, but not limited to, any such claim regarding past NFL Rules, the College Draft, Plan B, the first refusal/compensation system, the NFL Player Contract, pre-season compensation, or any other term or condition of employment, except any claims asserted in Brown v. Pro Football, Inc. This waiver and release also extends to any conduct engaged in pursuant to the Stipulation and Settlement Agreement in White ("Settlement Agreement") during the express term of that Settlement Agreement or any portion thereof. This waiver and release shall not limit any rights Player may have to performance by the Club under this Contract or Player's rights as a member of the White class to object to the Settlement Agreement during its review by the court in Minnesota. This waiver and release is subject to Article XIV (NFL Player Contract), Section 3(c) of the CBA.

24.    OTHER PROVISIONS.
(a)    Each of the undersigned hereby confirms that (i) this contract, renegotiation, extension or amendment sets forth all components of the player's remuneration for playing professional football (whether such compensation is being furnished directly by the Club or by a related or affiliated entity); and (ii) there are not undisclosed agreements of any kind, whether express or implied, oral or written, and there are no promises, undertakings, representations, commitments, inducements, assurances of intent, or understandings of any kind that have not been disclosed to the NFL involving consideration of any kind to be paid, furnished or made available to Player or any entity or person owned or controlled by, affiliated with, or related to Player, either during the term of this contract or thereafter.

(b)    Each of the undersigned further confirms that, except insofar as any of the undersigned may describe in an addendum to this contract, to the best of their knowledge, no conduct in violation of the Anti-Collusion rules of the Settlement Agreement took place with respect to this contract. Each of the undersigned further confirms that nothing in this contract is designed or intended to defeat or circumvent any provisions of the Settlement Agreement, including but not limited to the Rookie Pool and Salary Cap provisions; however, any conduct permitted by the CBA and/or the Settlement Agreement shall not be considered a violation of this confirmation.

(c)    The Club further confirms that any information regarding the negotiation of this contract that it provided to the Neutral Verifier was, at the time the information was provided, true and correct in all material respects.

Appendix C

## 25. SPECIAL PROVISIONS.

THIS CONTRACT is executed in six copies. Player acknowledges that before signing this contract he was given the opportunity to seek advice from or be represented by persons of his own selection.

| | |
|---|---|
| PLAYER | CLUB |
| Home Address | By |
| Telephone Number | Club Address |
| Date | Date |
| PLAYER'S CERTIFIED AGENT | |
| Address | |
| Telephone Number | |
| Date | |

Copy Distribution:  White-League Office     Yellow-Player
                    Green-Member Club      Blue-Management Council
                    Gold-NFLPA             Pink-Player Agent